# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

In Re

**Dennis John Heidenreich and
Rosanne Marie Heidenreich,**
Debtors.

**U.S. Bank Trust, N.A., as Trustee for
LSF9 Master Participation Trust,**
Movant.

v.

**Dennis John Heidenreich and
Rosanne Marie Heidenreich,**
Debtors,

and

**Diana S. Daugherty,** Trustee.
Respondents.

**Case No. 15-41884-659**

**Chapter 13**

**MOTION FOR RELIEF FROM THE
AUTOMATIC STAY**

**MOTION WAIVES 30 DAY HEARING**

**Hearing Date: June 3, 2019
Hearing time: 10:00 AM
Courtroom 7 North**

**Kozeny & McCubbin, LC
12400 Olive Blvd., Suite 555
St. Louis, MO 63141
edmo@km-law.com**

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## (REAL PROPERTY)

U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtors having an address of 26 Silverdale Ct, Saint Charles, MO 63303 (the "Property"). In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtors on March 18, 2015. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334 and E.D.Mo. L.R. 81-9.01(B).



This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2). Venue is proper in this District under 28 U.S.C. Section 1409(a).

2.     A Chapter 13 Plan was confirmed on June 30, 2017.

3.     The Debtors, Dennis J Heidenreich and Rosanne M Heidenreich, have executed and delivered that certain promissory note in the original amount of $218,945.93 (the "Note").  A copy of the note is attached hereto as Exhibit 1. Movant is an entity entitled to enforce the Note.

4.     Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtors under the Note and Deed of Trust with respect to the Loan are secured by the Property.  A copy of the Deed of Trust is attached hereto as Exhibit 2.

5.     All rights and remedies under the Deed of Trust have been assigned to the Movant pursuant to that certain Assignment of Deed of Trust.  A copy of the Assignment of Deed of Trust is attached hereto as Exhibit 3.

6.     The legal description of the Property is set forth in the Deed of Trust, a copy of which is attached hereto, and such description is incorporated and made a part hereof by reference.

7.     As of March 28, 2019, the outstanding Obligations are:



* K M 1 2 2 5 4 8 2 6 K M *

| | |
|---|---|
| Unpaid Principal Balance | $133,452.96 |
| Unpaid, Accrued Interest | $1,318.52 |
| Uncollected Late Charges | $0.00 |
| Mortgage Insurance Premiums | $0.00 |
| Taxes and Insurance Payments on behalf of Debtor(s) | $0.00 |
| Other Costs | $229.32 |
| Deferred Amounts | $7,284.08 |
| **Less**: Partial Payments | ($0.00) |
| Minimum Outstanding Obligations | $142,284.88 |

8.　　In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $600.00 in legal fees and $181.00 in costs. Movant reserves all rights to seek an award of allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and other applicable law.

9.　　The following chart sets forth the number and amount of postpetition payments due pursuant to the terms of the Note that have been missed by the Debtors as of March 28, 2019:

| Number of Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 4 | 12/22/2018 | 03/22/2019 | $1,445.22 | $5,780.88 |
| Less postpetition partial payments: | | | | ($0.00) |
| Total: | | | | $5,780.88 |

10.　　A postpetition payment history is attached hereto as Exhibit 4.

11.　　The fair market value of the Property is $230,000.00. The basis for such valuation is Schedule A of the Debtors` Schedules. A copy of Schedule A is attached



hereto as Exhibit 5.

12.     Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to the Movant, is $355,605.18.

13.     Cause exists for relief from the automatic stay for the following reasons:

(a)     Movant`s interest in the Property is not adequately protected.

(b)     Postconfirmation payments required by the confirmed plan have not been made to Movant.

**WHEREFORE**, Movant prays that this court issue an Order terminating or modifying the stay and granting the following:

1.     Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2.     That the Order be binding and effective despite any conversion of the bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3.     That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4.     For such other relief as the Court deems proper.



Respectfully submitted,

/s/ Dustin Stiles
Jonathon B. Burford, #59337MO
Dustin Stiles, #63272
Attorneys for Movant
12400 Olive Blvd., Suite 555
St. Louis, MO 63141
Phone: (314) 991-0255
Fax:  (314) 567-8019
edmo@km-law.com

I certify that on the 19th day of April, 2019, a true and correct copy of the Motion for Relief from Automatic Stay was served electronically via CM/ECF upon the following parties:

Timothy Patrick Powderly
Attorney for Debtors
11965 St. Charles Rock Rd., Suite 202
St. Louis, MO 63044

Diana S. Daugherty
Trustee
P.O. Box 430908
St. Louis, MO 63143

Office of the US Trustee
U.S. Trustee
111 S Tenth St, Ste 6.353
St. Louis, MO 63102

And delivered via regular U.S. Mail on April 19, 2019 to:

Dennis John Heidenreich
Rosanne Marie Heidenreich
Debtors
26 Silverdale Court
St. Charles, MO 63303


*KM1225482 6KM*

HFC
Creditor
PO BOX 1231
Brandon, FL 33509-1231

PNC Bank
Creditor
PO Box 747032
Pittsburgh, PA 15222

<u>/s/ Jessica Werner</u>
    Jessica Werner



Generated by TallPDF.NET Evaluation

# LOAN REPAYMENT AND SECURITY AGREEMENT (Page 1 of 4)

**LENDER (called "We", "Us", "Our")**
MORTGAGE ONE CORPORATION (D/B/A HFC MORTGAGE CORPORATION)
278 MID RIVERS CNTR
MID RIVERS CENTRE                    Exhibit 1
ST PETERS MO 63376

**BORROWERS (called "You", "Your")**          **LOAN NO:**

HEIDENREICH, DENNIS J
SS#
HEIDENREICH, ROSANNE M
SS#
26 SILVERDALE CT
ST CHARLES MO 63303

| DATE OF LOAN | FIRST PAYMENT DUE DATE | OTHERS SAME DAY OF EACH MONTH | FINAL PAYMENT DUE DATE | CONTRACT RATE (per year) |
|---|---|---|---|---|
| 03/17/2004 | 04/17/2004 | | 03/17/2029 | 7.990 % |

| AMOUNT FINANCED | PRINCIPAL |
|---|---|
| $ 207,998.63 | $ 218,945.93 |
| | DISCOUNT FEE/POINTS |
| | $ .00 |

| LIFE INS PREMIUM | DISABILITY INS PREMIUM |
|---|---|
| $ NONE | $ NONE |

| RELI INS PREMIUM | |
|---|---|
| $ NONE | |

| | | | ORIGINATION FEE/POINTS |
|---|---|---|---|
| | | | $ 10,947.30 |

| FIRST INSTALLMENT | MONTHLY INSTALLMENT | FINAL BALLOON PAYMENT | TERM PERIOD |
|---|---|---|---|
| $ 1,688.42 | $ 1,688.42 | NONE | 300 |

| PREPAYMENT PENALTY |
|---|
| YES |

YOU ARE GIVING US A SECURITY INTEREST IN THE REAL ESTATE LOCATED AT THE ABOVE ADDRESS.

---

REQUIRED INSURANCE. You must obtain insurance for term of loan covering security for this loan as indicated by the word "YES" below, naming us as Loss Payee:

YES     Title insurance on real estate security.

YES     Hazard insurance on real estate security.

Physical damage insurance on vehicle listed under "Security" above if "Y" appears under "Insured".

Physical damage insurance on other property listed under "Security" above if "Y" appears under "Insured".

You may obtain any required insurance from anyone you choose and may assign any other policy of insurance you own to cover the security for this loan.

(See "Security" paragraph above for description of security to be insured.)

## NOTICE:  THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.

01-30-04 RE SI
1ST MTG OPT PPP

Click here to unlock TallPDF.NET

Generated by TallPDF.NET Evaluation

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 2 of 4)

PAYMENT. In return for this loan, you agree to pay us the Principal (Amount Financed plus Points) plus Interest computed at 1/12th of the Contract Rate (subject to any adjustment under the Adjustment to Contract Rate section below) per month, and any monthly insurance premium, if elected, in monthly payments as stated on page one, including any final balloon payment shown on page one. The term Points means the sum of the Origination Fee (Points) and the Discount Fee (Points) shown on page one. You will pay at our business address shown on page one or other address given you. If more than one Borrower is named on page one, we may enforce this Agreement against all, or any, Borrowers, but not in a combined amount greater than the amount owed.

INTEREST COMPUTATION. Interest shall be computed at 1/12th of the Contract Rate per month on actual unpaid balances of Principal for the actual time outstanding. Payments are applied in the following order: late charges, interest at the Contract Rate for the actual time outstanding, Principal, and insurance. For any past due amounts, payments will be applied to the most delinquent monthly installment first, in the same order shown above, until all past due monthly installments are paid in full.

DATE ON WHICH INTEREST BEGINS. If you do not cancel this loan according to your "Notice of Right to Rescind", the date on which Interest begins, payment dates, and effective date of optional insurance purchased are postponed by the number of days from this contract's date to date you receive this loan.

ADJUSTMENT TO CONTRACT RATE. The Contract Rate, as shown on page one, will decrease by one quarter of one percent (.25) beginning with the thirteenth (13th) month after every twelve (12) consecutive month period where all payments were made in full within 30 days of their due date. Up to a maximum of twelve (12) Contract Rate reductions are available during the term of the loan. For each Contract Rate reduction, the monthly installment payment will be reduced accordingly. Notwithstanding anything to the contrary in this paragraph, you will not receive any Contract Rate reductions or the reduced monthly payment after four periods of delinquency. A "period of delinquency" begins when you fail to make a payment in full within 30 days of the due date and ends when you have no payments that are outstanding for more than 30 days past their due date.

PAY-OUTS. You agree to pay-outs of Amount Financed as shown on Truth-In-Lending disclosure form. If pay-outs change because loan closing is delayed, (a) you shall pay additional amounts due at closing, or (b) your cash or check will be reduced to cover additional pay-outs.

PREPAYMENT. Subject to the Prepayment Penalty described below, you may prepay any or all of your loan at any time. In any event, if you fully pay before the final payment due date, the amount you owe will be reduced by unearned credit insurance charges, if any. If you prepay before the final due date, Points are fully earned when this loan is made and you will not receive a refund of that part of the Finance Charge consisting of Points.

PREPAYMENT PENALTY. If "YES" is printed in the Prepayment Penalty box on page one of this Agreement, you agree to the following penalty. If you prepay in full within two (2) years of the date of this loan shown on page one, you agree to pay a prepayment penalty equal to 2% of the unpaid balance as of the payoff date. No prepayment penalty will be imposed (a) if this loan is refinanced by another loan with us; (b) after two (2) years; (c) if the loan is prepaid from the proceeds of any insurance; or (d) if we sue you.

LATE CHARGE. If you don't pay any payment in full within 15 days after it's due, you will also pay the greater of $15 or 5% of the unpaid amount of that payment, but not over $50.00.

BAD CHECK CHARGE. You agree to pay any charges assessed by any institution for processing a refused instrument plus a handling fee of not more than twenty five dollars ($25.00).

### NOTICE: THE FOLLOWING PAGES CONTAIN ADDITIONAL CONTRACT TERMS.

01-30-04 RE SI
1ST MTG OPT PPP

Click here to unlock TallPDF.NET

Generated by TallPDF.NET Evaluation

## LOAN REPAYMENT AND SECURITY AGREEMENT (Page 3 of 4)

FAILURE TO PAY. If you don't pay on time, (1) we will notify you of your right to bring your account up to date, and (2) if your account is not brought up to date within 30 days, all your payments may become due at once, and (3) without further notifying you before bringing suit, we may sue you for the total amount you owe, plus attorney's fees (if attorney is not our salaried employee), not exceeding 15% of the amount due and payable, plus court costs assessed.

COLLECTION EXPENSES. When we refer this Loan Agreement to an attorney for collection and we bring suit, you will pay us and Attorney Fee equal to 15% of the unpaid balance of the Amount Financed plus assessed court costs.

SECURITY. You agree to give us a security interest in the real estate as described in the Deed of Trust.

PROPERTY INSURANCE:

A. YOUR OBLIGATION TO INSURE. You shall keep the structures located on the real property securing this loan insured against damage caused by fire and other physical hazards, name us as a loss payee and deliver to us a loss payable endorsement. If insurance covering the real property is cancelled or expires while the loan is outstanding and you do not reinstate the coverage, we may obtain, at our option, hazard insurance coverage protecting our interest in the real property as outlined below.

B. LENDER'S RIGHT TO PLACE HAZARD INSURANCE. You authorize us, at our option, to obtain coverage on the Property in an amount not greater than the outstanding balance of principal and interest on the loan or, if known to be less, the replacement value of the Property, in the event that you fail to maintain the required hazard insurance outlined above or fail to provide adequate proof of its existence. You authorize us to charge you for the costs of this insurance and add the insurance charges to your loan. The Insurance charges will be added to the unpaid balance of the loan which accrues interest at the Contract Rate. The addition of the insurance charges due might increase the amount of your final installment. The cost of Lender placed hazard insurance might be higher than the cost of standard insurance protecting the property. The Lender placed insurance will not insure the contents of the property or provide liability coverage. The insurance might not be the lowest cost coverage of its type available and you agree that we have no obligation to obtain the lowest cost coverage. We or an affiliated company might receive some benefit from the placement of this insurance and you will be charged for the full cost of the premium without reduction for any such benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have subsequently purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums to your loan.

CREDIT REPORTING AND CUSTOMER INFORMATION PRACTICES. If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you. You understand and agree that we will call you from time to time to discuss your financial needs and any loan products that may be of interest to you as may be permitted by Applicable Law. For more information regarding our privacy practices, please refer to our Privacy Statement, which is included with your loan documents.

INSURANCE. Optional credit insurances and any required insurance disclosures are attached to this Agreement and are incorporated herein by reference.

ALTERNATIVE DISPUTE RESOLUTION AND OTHER RIDERS. The terms of the Arbitration Agreement and any other Riders signed as part of this loan transaction are incorporated into this Agreement by reference.

APPLICABLE LAW. This loan is a federally related loan authorized by Section 501(a), Part A, Title V, Public Law 96-221, now known as Section 1735f-7(a), Title 12, United States Code.

### NOTICE: THE FOLLOWING PAGE CONTAINS ADDITIONAL CONTRACT TERMS.

01-30-04 RE SI
1ST MTG OPT PPP

Click here to unlock TallPDF.NET

Generated by TallPDF.NET Evaluation

**WARNING TO BORROWER: DEFAULT IN THE PAYMENT OF THIS LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THE LOAN. UNDER FEDERAL LAW YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.**

**YOU HAVE RECEIVED A COMPLETE COPY OF THIS AGREEMENT AND THE TRUTH-IN-LENDING DISCLOSURES.**

**BORROWERS:**

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

**WITNESS:**

_____

01-30-04 RE SI
1ST MTG OPT PPP

Click here to unlock TallPDF.NET

# ALLONGE TO NOTE

Service #: ██████████

Control Number: ██████████

Allonge to Note Dated: **3/17/04**

And Executed by: **DENNIS J HEIDENREICH AND ROSANNE M HEIDENREICH**

Property Address: **26 SILVERDALE CT, SAINT CHARLES, MO 63303-3021**

Loan Amount: **$218,945.93**

Pay to the order of: **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST**

Without recourse: **MORTGAGE ONE CORPORATION (D/B/A HFC MORTGAGE CORPORATION), BY CALIBER HOME LOANS, INC. AS ATTORNEY IN FACT**

By: ~~Jennifer Mark~~
**Jennifer Martin**

Title: **Authorized Signatory**

Prepared By: ANDI D FITTS

CAALNG

Generated by TallPDF.NET Evaluation

Exhibit 2

2004031900002435Z0 D T
**Bk:DE3810 Pg:1598**
03/19/2004 08:06:02AM 1/7

**CERTIFIED-FILED FOR RECORD**
**Barbara J. Hall**
Recorder of Deeds
St. Charles County,MO
BY: Michelle Kimble

04 APR 14 AH 10:00

Return To:
Records Processing Services
577 Lamont Road
Elmhurst, IL 60126

## DEED OF TRUST

☐ **If box is checked, this mortgage secures future advances.**

THIS DEED OF TRUST is made this 17TH day of MARCH, 20 04, among the Borrower/
Grantor, DENNIS J. HEIDENREICH AND ROSANNE M. HEIDENREICH, HUSBAND AND WIFE
whose
address is 26 SILVERDALE CT, ST CHARLES, MO 63303
JOHN TOEBBEN (herein "Trustee")
and the Beneficiary MORTGAGE ONE CORPORATION (D/B/A HFC MORTGAGE CORPORATION)
a corporation organized and existing under the laws of DELAWARE whose address is
278 MID RIVERS CNTR, MID RIVERS CENTRE, ST PETERS, MO 63376
(herein "Lender/Grantee").

**The following paragraph preceded by a checked box is applicable.**

☒ WHEREAS, Borrower is indebted to Lender in the principal sum of $ 218,945.93,
evidenced by Borrower's Loan Agreement dated MARCH 17, 2004 and any extensions or
renewals thereof including those pursuant to any Renegotiable Rate Agreement (herein "Note"), providing for
monthly installments of principal and interest, including any adjustments to the amount of payments or the
contract rate if that rate is variable, with the balance of the indebtedness, if not sooner paid, due and payable on
MARCH 17, 2029;

☐ WHEREAS, Borrower is indebted to Lender in the principal sum of $ , or so much
thereof as may be advanced pursuant to Borrower's Revolving Loan Agreement dated
and extensions and renewals thereof (herein "Note"), providing for
monthly installments, and interest at the rate and under the terms specified in the Note, including any
adjustments in the interest rate if that rate is variable, and providing for a credit limit stated in the principal sum
above and an initial advance of $ ;

TO SECURE to Lender the repayment of the indebtedness, including future advances, evidenced by the
Note, with interest thereon at the applicable contract rate (including any adjustments to the amount of payment
or the contract rate if that rate is variable) and other charges; the payment of all other sums, with interest
thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of
the convenants and agreements of Borrower herein contained, Borrower, in consideration of the indebtedness
herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust with power of sale,
the following described property located in the County of ST. CHARLES State of Missouri:
SEE EXHIBIT A-LEGAL DESCRIPTION (PAGE 7)

HOUSEH LD FINANCE
REAL E TATE ABSTRACTORS
PO BOX 8626
ELMHUR T, IL 60126-9988

Click here to unlock TallPDF.NET

(Page 3 of 4)

Generated by TallPDF.NET Evaluation

(Page 2 of 6)

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note, including any variations resulting from changes in the contract rate, and other charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law and only if requested in writing by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law or the Note provide otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

12-12-03 DOT

Click here to unlock TallPDF.NET

(Page 3 of 3)

Generated by TallPDF.NET Evaluation

5. ...zard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the
Prop... y insured against loss by fire, hazards included within the term "extended coverage," and such other
haza... as Lender may require and in such amounts and for such periods as Lender may require.

T... nsurance carrier providing the insurance shall be chosen by the Borrower subject to approval by
Len... provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals
ther... shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and
in a... rm acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof,
subj... to the terms of any mortgage, deed of trust or other security agreement with a lien which has
prio... over this Deed of Trust.

I... e event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may
mal... roof of loss if not made promptly by Borrower.

U... ss Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to
rest... tion or repair of the Property damaged, if the restoration or repair is economically feasible and
Len... 's security is not lessened. If the restoration or repair is not economically feasible or Lender's
sect... y would be lessened, the insurance proceeds shall be applied to the sums secured by this Security
Inst... nent, whether or not then due, with any excess paid to Borrower.

I... e Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from
the... e notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for
inst... ice benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option
eith... to restoration or repair of the Property or to the sums secured by this Deed of Trust.

U... ss Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not
ext... or postpone the date of the monthly payments referred to in paragraphs 1 and 2 or change the
am... t of the payments. If under paragraphs 17 or 19 the Property is acquired by Lender, Borrower's right
to... insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall
pas... Lender to the extent of the sums secured by this Security Instrument immediately prior to the
acq... tion.

... reservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit
De... opments. Borrower shall keep the Property in good repair and shall not commit waste or permit
im... ment or deterioration of the Property and shall comply with the provisions of any lease if this Deed
of... ust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit
dev... pment, Borrower shall perform all of Borrower's obligations under the declaration or covenants
cre... g or governing the condominium or planned unit development, the by-laws and regulations of the
co... minium or planned unit development, and constituent documents.

... rotection of Lender's Security. If Borrower fails to perform the covenants and agreements
co... ned in this Deed of Trust, or if any action or proceeding is commenced which materially affects
Le... r's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make
su... appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is
ne... ary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the
lo... ecured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance
in... ect until such time as the requirement for such insurance terminates in accordance with Borrower's
an... ender's written agreement or applicable law.

... y amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate,
sh... become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and
Le... r agree to other terms of payment, such amounts shall be payable upon notice from Lender to
B... wer requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur
an... xpense or take any action hereunder.

... nspection. Lender may make or cause to be made reasonable entries upon and inspections of the
P... rty, provided that Lender shall give Borrower notice prior to any such inspection specifying
re... nable cause therefor related to Lender's interest in the Property.

Condemnation. The proceeds of any award or claim for damages, direct or consequential, in
c... ection with any condemnation or other taking of the Property, or part thereof, or for conveyance in
li... of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any
m... gage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

1  2-03 DOT

Click here to unlock TallPDF.NET

(Page 2 of 3)
Generated by TallPDF.NET Evaluation

(Page  of 6)

**Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or m fication of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in inte  of Borrower and all other parties who are or hereafter become secondarily liable shall not operate to relea in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not  required to commence proceedings against such successor or refuse to extend time for payment or othe  se modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the orig  Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or rem  hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any suct  ht or remedy.

**Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agre ents herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assi  of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Bor  er shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) i  o-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Lender und  he terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agre  :hat Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other acco  nodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and witl  t releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to F  ower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified ma  ldressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to I  der as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stat  herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any not  provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the  nner designated herein.

. **Governing Law; Severability.** The applicable law contained in the Note shall control. Where no app  ıble law is contained therein, the state and local laws of the jurisdiction in which the Property is located shall be:  licable to this Deed of Trust, except where such laws conflict with Federal law in which case Federal law shall app  In particular, Missouri Revised Statutes Section 443.055 (relating to the priority of future advances made un  deeds of trust) shall apply to this Deed of Trust. In the event that any provision or clause of this Deed of ·Tr  or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or  Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of  ist and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" in  e all sums to the extent not prohibited by applicable law or limited herein.

. **.** **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust, if re  sted, at the time of execution or after recordation hereof.

. **5. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home re  ilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Le  r's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an as  ıment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or  vices in connection with improvements made to the Property.

1( **ransfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, ex  ling (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) a transfer by devise, de  nt, or by operation of law upon the death of a joint tenant, (c) the grant of any leasehold interest of three years or  s not containing an option to purchase, (d) the creation of a purchase money security interest for household ag  ances, (e) a transfer to a relative resulting from the death of a Borrower, (f) a transfer where the spouse or ch  ren of the Borrower become an owner of the property, (g) a transfer resulting from a decree of dissolution of m  iage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse ol  : Borrower becomes an owner of the property, (h) a transfer into an inter vivos trust in which the Borrower is a  emains a beneficiary and which does not relate to a transfer of rights of occupancy in the property, or (i) any o  · transfer or disposition described in regulations prescribed by the Office of Thrift Supervision, Borrower sl  cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being n  : to the transferee. Borrower will continue to be obligated under the Note and this Deed of Trust unless Lender r  ses Borrower in writing.

1  !-03 DOT

Click here to unlock TallPDF.NET

Generated by TallPDF.NET Evaluation

(Page 5 of 6)

If L    der does not agree to such sale or transfer, Lender may declare all of the sums secured by this Deed
of T.    st to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail
Bor    ver notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period
of n    less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the
sum   eclared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may,
with    t further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

N    J-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

1    Acceleration; Remedies. Except as provided in paragraph 16 hereof, or as otherwise required by
law    pon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust,
inc    ing Borrower's failure to pay, by the end of ten (10) calendar days after the date they are due,
any    ms secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as
prc    led in paragraph 12 specifying: (1) the breach; (2) the action required to cure such breach; (3) a
dat    ot less than 30 days from the date the notice is mailed to Borrower, by which such breach must
be    ed; and (4) that failure to cure such breach on or before the date specified in the notice may
res    in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice
sh   urther inform Borrower of the right to reinstate after acceleration and the right to bring court
act    to assert the nonexistence of a default or any other defense of Borrower to acceleration and
sal   f the breach is not cured on or before the date specified in the notice, Lender, at Lender's option,
m    leclare all of the sums secured by this Deed of Trust to be immediately due and payable without
fur    r demand and may invoke the power of sale and any other remedies permitted by applicable
law   Lender shall be entitled to collect all costs and expenses incurred in pursuing the remedies
pro   ded in this paragraph 17 to the extent permitted by applicable law.

Lender invokes the power of sale, Lender or Trustee shall mail copies of a notice of sale in the
m    er prescribed by applicable law to Borrower and to the other persons prescribed by applicable
law    Trustee shall give notice of sale by public advertisement for the time and in the manner
pr    ribed by applicable law. Trustee, without demand on Borrower, shall sell the Property at public
au    on to the highest bidder for cash at the time and place and under the terms designated in the
nc    e of sale in one or more parcels and in such order as Trustee may determine. Trustee may
po   ione sale of all or any parcel of the Property to any later time on the same date by public
an    uncement at the time and place of any previously scheduled sale. Lender or Lender's designee
m    purchase the Property at any sale.

ustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any
cc    nant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie
ev    nce of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in
th    ollowing order: (a) to all reasonable costs and expenses of the sale, including, but not limited to,
re    nable Trustee's fees and attorneys' fees and costs of title evidence; (b) to all sums secured by this
D    l of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this
D    of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender
to    force this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the sale of the Property
p    uant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of
T    t if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had
n    :celeration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower
cc    ined in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in
e    cing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's
a    Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys'
f    and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of
T    t, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust
s    continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations
s    red hereby shall remain in full force and effect as if no acceleration had occurred.

). Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security
t    under, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to
a    leration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such
r    s as they become due and payable.

2-03 DOT

20040319000243520 5/7
BK:DE3810 Pg:1602

Click here to unlock TallPDF.NET

(Page 4 of 4)
Generated by TallPDF.NET Evaluation

t on acceleration under paragraphy 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Deed of Trust, and, if this Deed of Trust secures a Revolving Loan Agreement, Borrower requests Lender to release this Deed of Trust, Lender shall cause this Deed of Trust to be released without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Deed of Trust is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Arbitration Rider to Note.** The Arbitration Rider attached to and made a part of the Note is hereby incorporated by reference and made a part of this Deed of Trust.

REQUEST FOR NOTICE OF DEFAULT
————— AND FORECLOSURE UNDER SUPERIOR —————
MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

Dennis J. Heidenreich — Borrower

Rosanne M. Heidenreich — Borrower

STATE OF ___Missouri___ )
                        )SS.
COUNTY OF ___St. Charles___ )

On this ___17th___ day of ___March___, 20_04_, before me personally appeared ___Dennis J. Heidenreich and Rosanne M. Heidenreich, husband *___ to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that ___they___ executed the same as ___their___ free act and deed.    *and wife.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the ___county___ and State aforesaid, the day and year first above written.

Laura Bengler  LAURA BENGLER

My term expires:
4/30/07

Notary Public - Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: April 30, 2007

STATE OF _____ )
                          )SS.
COUNTY OF _____ )

On this _____ day of _____, 20___, before me personally appeared _____ to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that _____ executed the same as _____ free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the _____ and State aforesaid, the day and year first above written.

My term expires:                                Notary Public

12-12-03 DOT       ——— (Space Below This Line Reserved For Lender and Recorder) ———

Click here to unlock TallPDF.NET

Generated by TallPDF.NET Evaluation

20040319000243520 7/7
Bk:DE3810 Pg:1604

EXHIBIT A-LEGAL DESCRIPTION (PAGE 7)

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY
OF ST. CHARLES AND STATE OF MISSOURI, TO-WIT:

LOT 202 OF OXFORD ESTATES, AS PER PLAT THEREOF RECORDED IN
PLAT BOOK 31 PAGE 148 OF THE ST. CHARLES COUNTY RECORDS.
TAX MAP OR PARCEL ID NO.: 6-011-6943-00-0202

Click here to unlock TallPDF.NET

2016052700032390  ASGMT
Bk:DE6545  Pg:1586
05/27/2016 08:51:23 AM  1/3
$27.00
CERTIFIED-FILED  FOR  RECORD
Barbara J. Hall
Recorder of Deeds
St. Charles County, Missouri
BY:DCRAWFORD

Exhibit 3

_____ (Space above reserved for Recorder of Deeds Certification) _____

Title of Document:     **ASSIGNMENT OF DEED OF TRUST**
Date of Document:      **APRIL 15, 2016**
FOR VALUE RECEIVED, **MORTGAGE ONE CORPORATION (D/B/A HFC MORTGAGE CORPORATION), 636 GRAND REGENCY BLVD, BRANDON, FL  33510-0000**, Grantor, hereby assign and transfer to **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, 13801 WIRELESS WAY, OKLAHOMA CITY, OK  73134-0000**, Grantee, all its right, title and interest in and to said Deed of Trust in the amount of **$218,945.93**, recorded in the State of **MISSOURI**, County of **ST. CHARLES** Official Records.

Legal Description: **See Attached Exhibit A**

Deed of Trust Dated: **MARCH 17, 2004** Recorded on: **MARCH 19, 2004 as Instrument No. 2004031900024352 in Book No. DE3810 at Page No. 1598** .
Executed by: **DENNIS J HEIDENREICH AND ROSANNE M HEIDENREICH, HUSBAND AND WIFE** (Original Grantor).
Original Grantee: **MORTGAGE ONE CORPORATION (D/B/A HFC MORTGAGE CORPORATION).**

Date: **APRIL 15, 2016**
Grantor:
MORTGAGE ONE CORPORATION (D/B/A HFC MORTGAGE CORPORATION), BY CALIBER HOME
LOANS, INC. AS ATTORNEY IN FACT
Power of Attorney Recorded on 12/28/15 As Instrument # A201500133020 In the county of MARION, IN.

By: _____

**Stoner Wade, Authorized Signatory**

| | | |
|---|---|---|
| State of | **OKLAHOMA** | } |
| County of | **OKLAHOMA** | } ss. |

On **APRIL 15, 2016** , before me, **Hailey Woosley**, a Notary Public, personally appeared **Stoner Wade** , who
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.
Witness my hand and official seal.

_____

(Notary Name): **Hailey Woosley**
My commission expires: 06/01/2016

PREPARED BY:
**Caliber Home Loans, Inc. 13801 Wireless Way  Oklahoma City, OK 73134 (405) 608-2535 VIVEK A
JUYAL**

And When Recorded Mail To:
**CALIBER HOME LOANS, INC. 13801 WIRELESS WAY OKLAHOMA CITY, OK 73134**

EXHIBIT A-LEGAL DESCRIPTION (PAGE 7)

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY
OF ST. CHARLES AND STATE OF MISSOURI, TO-WIT:

LOT 202 OF OXFORD ESTATES, AS PER PLAT THEREOF RECORDED IN
PLAT BOOK 31 PAGE 148 OF THE ST. CHARLES COUNTY RECORDS.
  TAX MAP OR PARCEL ID NO.: 6-011-6943-00-0202

Exhibit 4

| Loan | ███████ | | | | | |
|---|---|---|---|---|---|---|
| BK Case | 15-41884 | | | * If prior than 12/2011 payment changes | | |
| Filing Date | 03/18/2015 | | | were not required to be filed with the | | |
| First Post pet date | 03/22/2015 | | | courts or with Proof of claim | | |
| | | Effective | Amount | | | |
| POC pmt Filed | 04/29/2015 | 03/22/2015 | $ 1,445.22 | | | |
| Date Rcvd | Amount | | | Amount Due | Due Date | Suspense |
| 4/3/2015 | $1,445.22 | | | $1,445.22 | 03/22/2015 | $ - |
| 5/7/2015 | $1,445.22 | | | $1,445.22 | 04/22/2015 | $ - |
| 7/6/2015 | $1,445.22 | | | $1,445.22 | 05/22/2015 | $ - |
| 8/7/2015 | $1,445.22 | | | $1,445.22 | 06/22/2015 | $ - |
| 9/4/2015 | $1,445.22 | | | $1,445.22 | 07/22/2015 | $ - |
| 10/07/2015 | $1,445.22 | | | $1,445.22 | 08/22/2015 | $ - |
| 11/06/2015 | $1,445.22 | | | $1,445.22 | 09/22/2015 | $ - |
| 12/04/2015 | $1,445.22 | | | $1,445.22 | 10/22/2015 | $ - |
| 02/18/2016 | $1,445.22 | | | $1,445.22 | 11/22/2015 | $ - |
| 03/15/2016 | $1,445.22 | | | $1,445.22 | 12/22/2015 | $ - |
| 04/13/2016 | $1,445.22 | | | $1,445.22 | 01/22/2016 | $ - |
| 6/8/2016 | $1,445.22 | | | $1,445.22 | 02/22/2016 | $ - |
| 7/19/2016 | $1,445.22 | | | $1,445.22 | 03/22/2016 | $ - |
| 7/21/2016 | $1,445.22 | | | $1,445.22 | 04/22/2016 | $ - |
| 7/22/2016 | $1,445.22 | | | $1,445.22 | 05/22/2016 | $ - |
| 9/16/2016 | $1,445.22 | | | $1,445.22 | 06/22/2016 | $ - |
| 10/28/2016 | $1,445.22 | | | $1,445.22 | 07/22/2016 | $ - |
| 12/2/2016 | $1,445.22 | | | $1,445.22 | 08/22/2016 | $ - |
| 1/25/2017 | $1,445.22 | | | $1,445.22 | 09/22/2016 | $ - |
| 2/24/2017 | $1,445.22 | | | $1,445.22 | 10/22/2016 | $ - |
| 3/1/2017 | $5,780.88 | | | $1,445.22 | 11/22/2016 | $ 4,335.66 |
| 3/31/2017 | $1,445.22 | | | $1,445.22 | 12/22/2016 | $ 4,335.66 |
| 4/29/2017 | $1,445.22 | | | $1,445.22 | 01/22/2017 | $ 4,335.66 |
| 5/30/2017 | $1,445.22 | | | $1,445.22 | 02/22/2017 | $ 4,335.66 |
| 7/19/2017 | $1,445.22 | | | $1,445.22 | 03/22/2017 | $ 4,335.66 |
| 8/28/2017 | $1,445.22 | | | $1,445.22 | 04/22/2017 | $ 4,335.66 |
| 9/18/2017 | $1,445.22 | | | $1,445.22 | 05/22/2017 | $ 4,335.66 |
| 11/24/2017 | $1,445.22 | | | $1,445.22 | 06/22/2017 | $ 4,335.66 |
| 12/21/2017 | $1,445.22 | | | $1,445.22 | 07/22/2017 | $ 4,335.66 |
| 1/5/2018 | $1,445.22 | | | $1,445.22 | 08/22/2017 | $ 4,335.66 |
| 2/23/2018 | $1,445.22 | | | $1,445.22 | 09/22/2017 | $ 4,335.66 |
| 4/2/2018 | $2,890.44 | | | $1,445.22 | 10/22/2017 | $ 5,780.88 |
| 5/11/2018 | $1,445.22 | | | $1,445.22 | 11/22/2017 | $ 5,780.88 |
| 6/13/2018 | $1,445.22 | | | $1,445.22 | 12/22/2017 | $ 5,780.88 |
| 7/11/2018 | $1,445.22 | | | $1,445.22 | 01/22/2018 | $ 5,780.88 |
| 8/8/2018 | $1,445.22 | | | $1,445.22 | 02/22/2018 | $ 5,780.88 |
| 9/24/2018 | $1,445.22 | | | $1,445.22 | 03/22/2018 | $ 5,780.88 |
| 11/2/2018 | $1,445.22 | | | $1,445.22 | 04/22/2018 | $ 5,780.88 |
| 12/3/2018 | $1,445.22 | | | $1,445.22 | 05/22/2018 | $ 5,780.88 |
| 1/4/2019 | $1,445.22 | | | $1,445.22 | 06/22/2018 | $ 5,780.88 |
| 2/1/2019 | $1,445.22 | | | $1,445.22 | 07/22/2018 | $ 5,780.88 |
| | | | | $1,445.22 | 08/22/2018 | $ 4,335.66 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | $1,445.22 | 09/22/2018 | $ 2,890.44 |
| | | | | $1,445.22 | 10/22/2018 | $ 1,445.22 |
| | | | | $1,445.22 | 11/22/2018 | $ - |
| | | | Due | $1,445.22 | 12/22/2018 | $ (1,445.22) |
| | | | | $1,445.22 | 01/22/2019 | $ (2,890.44) |
| | | | | $1,445.22 | 02/22/2019 | $ (4,335.66) |
| | | | | $1,445.22 | 03/22/2019 | $ (5,780.88) |

B6A (Official Form 6A) (12/07)

IN RE **Heidenreich, Dennis John & Heidenreich, Rosanne Marie**                          Case No. _____

_____
Debtor(s)                                                                                                (If known)

Exhibit 5                      **SCHEDULE A - REAL PROPERTY**

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **26 Silverdale Ct., St. Charles, MO 63303** | **Tenancy by the Entirety** | **J** | **230,000.00** | **213,320.30** |
| | | **TOTAL** | **230,000.00** | |



(Report also on Summary of Schedules)

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only